FILED

DEC 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIJAN LAGHAEI, | No. 12-17572 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00307-MMD-VPC |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted: December 9, 2015**

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Bijan Laghaei appeals pro se from the district court's judgment dismissing

his action alleging various state law claims concerning the foreclosure of his home.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's subject matter jurisdiction, *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002), and we vacate and remand.

We reject Laghaei's contention that defendants waived their right to remove this action to federal court by first filing an unlawful detainer action in Nevada state court. Laghaei has waived the alleged removal defect by failing to file a motion to remand within 30 days of defendants' filing their notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .").

However, during the pendency of this appeal the Nevada Supreme Court issued its decision in *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103 (Nev. 2013), holding that unlawful detainer and quiet title proceedings are *in rem* or quasi *in rem* in nature. *See id.* at 1108. "The prior exclusive jurisdiction doctrine holds that when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (citation and internal quotation marks omitted). Accordingly, we vacate the district court's judgment dismissing Laghaei's complaint for failure to state a claim, and remand to the district court to determine if Federal Home Loan Mortgage Corporations's

unlawful detainer action remains pending in Nevada state court, and if so, whether the primary exclusive jurisdiction doctrine applies.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**